UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Jose Crespo*

*1965 Lafayette Ave #12-3*

*Bronx, New York 10473*

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

*Harvard Cleaning Services*

*570 Seventh Avenue*

*New York, N.Y. 10036*

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant.  Addresses should not be included here.)*

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:  ☑ Yes   ☐ No

*(check one)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____ ✓   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a
Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____ ✓   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in
Employment Act, you must first file a charge with the Equal Employment Opportunity
Commission.*

_____ ✓   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act,
you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
Commission.*

_____   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

_____   New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

RECEIVED
SEP 30 2013
PRO SE OFFICE

*Rev. 05/2010*

1

## I.   Parties in this complaint:

A.   List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff   Name _Jose Crespo_
   Street Address _1965 Lafayette Ave #12-S_
   County, City _Bronx New York 10473_
   State & Zip Code _____
   Telephone Number _917-403-7349_

B.   List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant   Name _Harvard Cleaning Services_
   Street Address _570 Seventh Ave_
   County, City _New York New York 10036_
   State & Zip Code _New York 10036_
   Telephone Number _212-730-0001_

C.   The address at which I sought employment or was employed by the defendant(s) is:

   Employer _Harvard Cleaning Services_
   Street Address _570 Seventy Ave_
   County, City _New York_
   State & Zip Code _New York 10473_
   Telephone Number _212-730-0001_

## II.   Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____   Failure to hire me.

___✓___   Termination of my employment.

___✓___   Failure to promote me.

___✓___   Failure to accommodate my disability.

_____   Unequal terms and conditions of my employment.

_____   Retaliation.

_____   Other acts *(specify):* _____.

*Note:*   *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.   It is my best recollection that the alleged discriminatory acts occurred on: _____.

                                                                                        *Date(s)*

C.   I believe that defendant(s) *(check one):*

_____   is still committing these acts against me.

_____   is not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check only those that apply and explain):*

☑ race   P R                    ☐ color   _____

☑ gender/sex   M                ☐ religion _____

☑ national origin   M _____

☑ age.   My date of birth is   2-19-64 _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☑ disability or perceived disability,   I have a problem with *(specify)*
   My legs,

E.   The facts of my case are as follow *(attach additional sheets as necessary):*

_____

_____

_____

_____

_____

_____

_____

*Note:*   *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.   Exhaustion of Federal Administrative Remedies:

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ 3-18-13 _____ *(Date).*

B.      The Equal Employment Opportunity Commission *(check one)*:

_____           has not issued a Notice of Right to Sue letter.

_____           issued a Notice of Right to Sue letter, which I received on **8-16-13** *(Date)*.

> *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.      Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____           60 days or more have elapsed.

_____           less than 60 days have elapsed.

## IV.   Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____ 60 Thousand _____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this **9** day of **30** , 20 **13**

Signature of Plaintiff    *Jose Goff*

Address    1965 Lafayette Ave #12-S
Bronx, New York 10473

Telephone Number    917-403-7349

Fax Number *(if you have one)* _____

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Jose Crespo**<br>**1965 Lafayette Avenue, Apt. #12-S**<br>**Bronx, NY 10473** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2013-02305** | **Holly M. Woodyard,**<br>**Investigator** | **(212) 336-3643** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

**Kevin J. Berry,**
**District Director**

August 16, 2013

*(Date Mailed)*

Enclosures(s)

cc:

**HARVARD CLEANING SERVICES**
**Attn: Director of Human Resources**
**570 Seventh Avenue**
**New York, NY 10036**

**Perry S. Heidecker, Esq.**
**Milman Labuda Law Group, PLLC**
**3000 Marcus Avenue, Suite 3W8**
**New Hyde Park, NY 11042-1009**

FILE COPY

# NEW YORK STATE

# DIVISION OF HUMAN RIGHTS

TO:     Files

REGION:  Upper Manhattan

FROM:  David E. Powell
           Regional Director

DATE:   **JUN 1 1 2013**

SDHR CASE NO: 10160772-13-E-R-E

Federal Charge No. 16GB302305

SUBJECT:   Jose Crespo v. Harvard Cleaning Services

---

## FINAL INVESTIGATION REPORT AND BASIS OF DETERMINATION

## I.   CASE SUMMARY

This is a verified complaint filed by Complainant, Jose Crespo, on Mon 3/18/2013. The Complainant, who is Hispanic, charges the Respondent with unlawful discriminatory practices in relation to employment because of race/color.

## II.   SUMMARY OF INVESTIGATION

Complainant's Position:

Complainant states that he was hired by Respondent as a Porter on March 20, 2011. Complainant was assigned to the Chase Building, located at 270 Park Avenue, New York, NY. Complainant claims that his job performance, time and attendance were above satisfactory.

Complainant lists Jimmy Charko as his supervisor and Sammy "Doe" as the foreman. Both Mr. Charko and Sammy Doe are identified as white, of Eastern European descent.

Complainant states that he called Respondent's office for work on March 18, 2013. Complainant alleges that an individual, identified as Peter Ortiz, informed him that he had been laid off. Complainant further alleges that he was not given an explanation for his termination.

Complainant believes that he was the only employee terminated and that this was due to his race/color.

Respondent's Position:

Respondent denies discriminating against Complainant and asserts that all actions it took in this matter were taken for legitimate, non-discriminatory reasons.

Respondent states that Complainant was hired as a "relief worker" on or about March 12, 2012. The function of the relief worker is to temporarily fill vacancies caused when permanent building employees take vacation, are absent due to illness or injury or go out on leaves of absence. Because there is no guaranteed demand for replacements, relief workers are considered temporary employees. The vast majority are laid off every year and recalled as needed, if at all.

Respondent's collective bargaining agreement ("CBA") with Complainant's union, Service Employees International Union Local 32BJ ("Union"), requires that temporary employees at a building receive consideration for employment if and when a permanent position becomes available. In this case, a permanent position became available in February 2013 and Complainant expressed interest in the job. Respondent submitted Complainant's name to JPMorgan Chase & Co. for the mandatory security screening. James M. Sikes, an official of the Bank's Global Corporate Security & Investigations, Pre-employment Screening Department, informed Respondent that Complainant had failed the required background checks and was banned from the premises.

Respondent emphasizes that it has no recourse when the customer forbids an employee from working on its property. There is no appeals procedure. Therefore, Respondent had no means to compel JPMorgan Chase & Co. to allow Complainant onto the premises. Respondent had no choice but to terminate Complainant's employment on or about March 18, 2013. Moreover, Respondent could not place Complainant in another building. An employee's right to "bump" into a job is governed by the Seniority provisions in the CBA. Temporary employees such as relief workers, accrue no seniority rights. Therefore, Complainant had no seniority which could be used to "bump" a junior employee out of a job. Respondent adds that Complainant filed no grievances with the Union concerning his layoff. Nor did he file a complaint under the Respondent's Equal Employment Opportunity policy.

Respondent asserts that it hired Complainant with full knowledge of his race and color. If Respondent harbored any bias against Hispanics or non-whites, Complainant would never have been hired in the first place. Respondent further asserts that its ranks are filled with Hispanics at every level. In management, Respondent cites Vice President of Operations Tony Lopez and Vice President of Administration Sonia Somarribba. Hispanics are also well-represented in Respondent's workforce at the Chase building, where Peter Ortiz is Day Operations Manager and Rosalia Vega is a supervisor in charge of the entire night cleaning staff. Of the total workforce of 79, at the Chase location, Respondent states that 42 are Hispanic (Respondent's Exhibit B).

Respondent asserts that employees who are not Hispanic or non-white have been terminated from employment at the premises, and cites the following employees: Charles Raney, Vibi Causevic, Robert Valore and Prena Krasnique.

Finally, Respondent asserts that there is no proof, either direct or circumstantial, of discrimination. For example, there is nothing in the record to indicate that non-Hispanic employees are treated more favorably than Hispanic or non-white employees. Similarly, Complainant has failed to demonstrate a hostile animus against members of his protected class. There is no proof, for example, of derogatory remarks directed against Hispanics or non-whites by any person possessing supervisory authority. Therefore, any claim of discrimination is, at best, speculative.

Investigator's Observations:

Complainant provided his rebuttal during a one-person conference, conducted on May 29, 2013.

Complainant stated that he had worked for Respondent at several locations before working at the Chase location. Complainant would be laid-off every few months and then rehired after a couple of weeks. When Complainant went to work at the Chase location, he was issued a temporary ID which, evidently, did not require a background check. When he applied for a full-time position at the location, it became necessary to acquire a permanent ID. At this point, a background check was conducted by Chase, which revealed a 25-year-old drug possession charge in Complainant's record. Complainant believes it was this old charge that prompted Chase to ban him from the building.

Regarding Respondent's contention that if it harbored any bias against Hispanics or non-whites, Complainant would never have been hired in the first place, Complainant asserted that his supervisor, Jimmy Charko, and his foreman, Sammy "Doe," are prejudiced against Hispanics. Complainant alleged that these two individuals harassed him, using racial epithets. However, Complainant indicated that he would not be able to provide witnesses to this alleged harassment, saying, "I have no friends in that place."

Complainant alleged that he was given worse jobs than many of the non-Hispanic workers, but then conceded that many Hispanics also received favorable treatment. However, Complainant claimed that these Hispanic workers were meek and accommodating, while he stood up for himself.

With respect to Respondent's assertion that its ranks are filled with Hispanics at every level, and that of the 79 employees at the Chase location, 42 are Hispanic, Complainant stated that he could not comment because he did not know the other workers at the Chase location. Complainant gave a similar response when asked to comment on Respondent's assertion that employees who are not Hispanic or non-white have been terminated, stating, "I didn't go to work to know people or to make friends." Complainant stated that he does not know Charles Raney, Vibi Causevic, Robert Valore and Prena Krasnique.

On June 4, 2013, Complainant also submitted a brief written rebuttal.

Complainant stated that he worked for Respondent for a period of 15 months (in his complaint, he indicates that the period of employment was approximately 12 months). Complainant asserted that he has done nothing wrong. The only thing he did was clean 35 bathrooms in the

Chase Building at 270 Park Avenue. Complainant reiterated his allegation that Jimmy Charko and Sammy "Doe" harassed him and discriminated against him, causing him mental anguish. Complainant also alleged that he worked overtime hours for which he was not paid.

Complainant annexed to his rebuttal a portion of Respondent's background check policy. He highlighted the section which states that an applicant cannot be denied employment based on his criminal record, a reference to the alleged reason Chase Bank barred him from the Park Avenue location.

Submitted by: *Janne Linares* @

Janne Linares
Human Rights Specialist II

## III.   BASIS FOR DETERMINATION

Complainant, who is Hispanic, alleged that Respondent terminated his employment because of his race/color.

Respondent denied Complainant's allegations of discrimination and asserted that it terminated Complainant's employment because he failed the background check required by Respondent's client, JPMorgan Chase & Co.

Respondent emphasized that it has no recourse when the customer forbids an employee from working on its property. There is no appeals procedure. Therefore, Respondent had no means to compel JPMorgan Chase & Co. to allow Complainant onto the premises. Respondent had no choice but to terminate Complainant's employment on or about March 18, 2013. Moreover, Respondent could not place Complainant in another building. An employee's right to "bump" into a job is governed by the Seniority provisions in the CBA. Temporary employees such as relief workers, accrue no seniority rights. Therefore, Complainant had no seniority which could be used to "bump" a junior employee out of a job.

Moreover, Respondent asserted that it hired Complainant with full knowledge of his race and color. Respondent further asserted that its ranks are filled with Hispanics at every level, including the workforce at the Chase building. Of the total workforce of 79 at that location, Respondent stated that 42 are Hispanic. Respondent provided a copy of its most recent EEO-1 Report, which supports this assertion. Respondent asserted that employees who are not Hispanic or non-white have been terminated from employment at the Chase Bank location, and identified four such individuals by name. Respondent also asserted that there is nothing in the record to indicate that non-Hispanic employees are treated more favorably than Hispanic or non-white employees.

Complainant argued that his arrest occurred 25 years prior to the background check and should not have been used against him. Complainant also pointed to a section of Respondent's background check policy which invokes Title VII and states that an employer can make inquiries

regarding an applicant's criminal record, but such information cannot be used as a basis for denying employment. However, Complainant did not claim Arrest Records or Criminal Convictions as bases for his complaint.

Regarding Respondent's claim that it harbored no racial animus toward Hispanics, Complainant asserted that both his supervisor and his foreman, whom he identified as white, are prejudiced against Hispanics. Complainant alleged that these two individuals harassed him, using racial slurs. However, Complainant indicated that he would not be able to provide witnesses to this alleged harassment. Nor was he able to provide evidence of derogatory remarks directed against Hispanics by any person possessing supervisory authority. Similarly, Complainant was unable to provide any evidence that would contradict Respondent's assertions regarding the racial makeup of its workforce. Complainant also alleged that he was given worse jobs than many of the non-Hispanic workers, but later admitted that many Hispanics also received favorable treatment.

The investigation did not reveal sufficient evidence to establish a nexus between Respondent's decision to terminate Complainant's employment and Complainant's race/color. Furthermore, Respondent's decision to terminate Complainant's employment does not appear to be pretext for discrimination.

Reviewed & Approved: *David E. Powell*

David E. Powell
Regional Director

## IV.    DETERMINATION

Based on the foregoing, I find No Probable Cause to support the allegations of the complaint.

*David E. Powell*

David E. Powell
Regional Director



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF<br>HUMAN RIGHTS on the Complaint of<br><br>JOSE CRESPO,<br><br>Complainant,<br><br>v.<br><br>HARVARD CLEANING SERVICES,<br><br>Respondent. | DETERMINATION AND<br>ORDER AFTER<br>INVESTIGATION<br><br>Case No.<br>10160772 |

Federal Charge No. 16GB302305

On 3/18/2013, Jose Crespo filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of race/color in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

Complainant, who is Hispanic, alleged that Respondent terminated his employment because of his race/color.

Respondent denied Complainant's allegations of discrimination and asserted that it terminated Complainant's employment because he failed the background check required by Respondent's client, JPMorgan Chase & Co.

Respondent emphasized that it has no recourse when the customer forbids an employee from working on its property. There is no appeals procedure. Therefore, Respondent had no means to compel JPMorgan Chase & Co. to allow Complainant onto the premises. Respondent had no choice but to terminate Complainant's employment on or about March 18, 2013. Moreover, Respondent could not place Complainant in another building. An employee's right to "bump" into a job is governed by the Seniority provisions in the CBA. Temporary employees

such as relief workers, accrue no seniority rights. Therefore, Complainant had no seniority which could be used to "bump" a junior employee out of a job.

Moreover, Respondent asserted that it hired Complainant with full knowledge of his race and color. Respondent further asserted that its ranks are filled with Hispanics at every level, including the workforce at the Chase building. Of the total workforce of 79 at that location, Respondent stated that 42 are Hispanic. Respondent provided a copy of its most recent EEO-1 Report, which supports this assertion. Respondent asserted that employees who are not Hispanic or non-white have been terminated from employment at the Chase Bank location, and identified four such individuals by name. Respondent also asserted that there is nothing in the record to indicate that non-Hispanic employees are treated more favorably than Hispanic or non-white employees.

Complainant argued that his arrest occurred 25 years prior to the background check and should not have been used against him. Complainant also pointed to a section of Respondent's background check policy which invokes Title VII and states that an employer can make inquiries regarding an applicant's criminal record, but such information cannot be used as a basis for denying employment. However, Complainant did not claim Arrest Records or Criminal Convictions as bases for his complaint.

Regarding Respondent's claim that it harbored no racial animus toward Hispanics, Complainant asserted that both his supervisor and his foreman, whom he identified as white, are prejudiced against Hispanics. Complainant alleged that these two individuals harassed him, using racial slurs. However, Complainant indicated that he would not be able to provide witnesses to this alleged harassment. Nor was he able to provide evidence of derogatory remarks directed against Hispanics by any person possessing supervisory authority. Similarly, Complainant was unable to provide any evidence that would contradict Respondent's assertions regarding the racial makeup of its workforce. Complainant also alleged that he was given worse jobs than many of the non-Hispanic workers, but later admitted that many Hispanics also received favorable treatment.

The investigation did not reveal sufficient evidence to establish a nexus between Respondent's decision to terminate Complainant's employment and Complainant's race/color. Furthermore, Respondent's decision to terminate Complainant's employment does not appear to be pretext for discrimination.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964.  Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC).  You have the right to request a review by EEOC of this action.  To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112.  Otherwise, EEOC will generally adopt our action in your case.

Dated:     **JUN 1 1 2013**
New York, New York

STATE DIVISION OF HUMAN RIGHTS

By:     *David E. Powell*
David E. Powell
Regional Director



**NEW YORK STATE**
# DIVISION OF HUMAN RIGHTS
**ONE FORDHAM PLAZA, FOURTH FLOOR**
**BRONX, NEW YORK 10458**

**(718) 741-8400**
**Fax: (718) 741-3214**
**www.dhr.ny.gov**

**ANDREW M. CUOMO**
**GOVERNOR**

**GALEN D. KIRKLAND**
**COMMISSIONER**

Dear Division User:

In an effort to improve the quality of the services we offer, the Division of Human Rights is conducting a Customer Satisfaction Survey to measure the overall satisfaction of complainants, respondents, and counsel with the Division's process and personnel. You can participate in the Survey by visiting our website, at: www.dhr.ny.gov/survey.html.

Please take a few moments and share your thoughts and ideas by completing our online Customer Satisfaction Survey. Your feedback is critical to ensuring that the Division continues to improve and operates in the most professional, fair, and efficient manner as possible. We thank you for helping in that effort.

Sincerely,

Galen D. Kirkland
Commissioner

6-21-13

Neg. 2013. 02305

Case NO
10160772

Jose Crespo

Complaint

v

Harvard Cleaning Services

Respondent

I Complainant that my arrest occurred 25 years prior to the background check and should not have been used against me. I request a review by EEOC, of this action. I charge under Tite VII of Civil Rights Act of 1964. Enforcement of the aforementioned laws is the responsibility of the U.S. Equal Employment Opportunity Commission EEOC (CV 34) I also claims that I was dicriminated on the basis of my race. Complainant that Supervisor and the foreman harassed me using racial slurs. (W4) I also claim that I should have been receiving (75%) of the Contractual Wage rate effective October 23, 2012.
I claim that I was transferred to a new building. (CV7)

! It is not fair and not Right

RECEIVED
JUN 2 5 2013
EEOC·NYDO·CRTIU